No. 26528

**The People of the State of Colorado v. Robert L. Storey; and William E. Storey**

(554 P.2d 694)

Decided September 20, 1976.                   Rehearing denied October 12, 1976.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Janet Lee Miller, Assistant, for plaintiff-appellee.

Fischer & Kenison, Louis M. Fischer, Walter L. Gerash, P.C., for defendant-appellant Robert L. Storey.

Stanley H. Marks, for defendant-appellant William E. Storey.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Defendants, William E. Storey and Robert L. Storey, were jointly charged by information with three counts of assault in the third degree, in violation of 1971 Perm. Supp., C.R.S. 1963, 40-3-204.[1] We affirm the convictions.

The statutes provides:

"Assault in the third degree. A person commits the crime of assault in the third degree if he intentionally, knowingly, or recklessly causes bodily injury to another person or with criminal negligence he causes bodily injury to another person by means of a deadly weapon. Assault in the third degree is a class 1 misdemeanor."

After a joint trial to the court, William E. Storey was convicted of one count of intentionally causing bodily injury to James Morrow, and of a second count of recklessly causing bodily injury to King Morrison. He was acquitted on the third count. Robert L. Storey was also convicted of recklessly causing bodily injury to King Morrison, but was acquitted on the other two counts.

The facts which gave rise to the charges against defendants revealed that the defendants were brothers and were associated together in the construction business under the name of D & B Construction Company. On the morning of August 1, 1972, James Morrow and Eric Neff, Denver firemen, and King Morrison, a Denver police officer, went to the company business office at the construction site for the purpose of serving a stop-work order on defendants. The order had been issued for the reason that the temporary fire hydrant at the construction site was purportedly defi-

---

[1]Now section 18-3-204, C.R.S. 1973.

cient in both pressure and quantity of water. The relationship between the Storeys and the officials of the fire department was strained because of a fire which occurred in 1970 and destroyed a $500,000 condominium which the Storeys were then constructing. The Storeys blamed the Denver Fire Department for the loss incurred, contending that the department failed to promptly respond to the alarm.

An angry confrontation occurred during the service of the stop-work order, culminating in a fight in which both defendants, the firemen and the police officer were involved. James Morrow received a cut ear; King Morrison, a strained and bruised elbow; and William Storey, a scalp wound. The fray was described as a "barroom brawl."

Additional police were called to the scene and the defendants were then arrested. Initially, felony charges were filed, which were subsequently reduced to the three misdemeanor counts on which defendants stood trial.

I.

Both defendants urge that their convictions should be reversed for insufficiency of the evidence. We do not agree. From our review of the evidence presented by the People, viewed in its most favorable light, we conclude there was ample competent evidence to support the court's findings of guilt. It is well established that this court will not reverse a judgment of the trial court sitting as a trier of the facts when there is competent evidence in the record to support the findings of guilt. *Martin v. People*, 178 Colo. 94, 495 P.2d 537. This is especially true where, as here, the evidence was conflicting. As this court said in *Baker v. People*, 176 Colo. 99, 489 P.2d 196, it is not within our province, nor are we equipped, to resolve disputed issues of fact. It is the function of the trial court and not this court to weigh the evidence and make findings thereon.

II.

Defendant, William E. Storey, was sentenced to six months in the county jail on each count, the sentences to run concurrently; however, the court then suspended five months thereof on condition that Storey serve thirty days in the county jail on the work release program.

Defendant then filed a motion for reconsideration of the sentence confining him to the county jail for thirty days. The court denied this motion. He claims that the court erred in refusing to reconsider this sentence, arguing that it amounted to cruel and unusual punishment in view of his various medical problems. We find no merit to this argument.

The sentence was well within the statutory limits for a class 1 misdemeanor, which authorizes a maximum sentence of two years. 1971 Perm. Supp., C.R.S. 1963, 40-1-106.[2] It does not shock the conscience of the court under the circumstances of this case.

―――――

[2]Now section 18-1-106, C.R.S. 1973.

An evidentiary hearing was held on the motion to reconsider the sentence, and defendant presented medical evidence concerning his health problems. The court order denying the motion found that defendant's serving of thirty days under the work release program would not jeoparadize his life or health and did not amount to cruel and unusual punishment. This finding is supported by the record. Additionally, the court ordered that as a precaution the warden of the county jail administer to the defendant such medicines as are prescribed for the defendant by his physician, or by any other treating physician during the period of incarceration under the work release program. The court further ordered that prior to the commencement of his sentence, the defendant was to report to the county jail physician for a complete physical examination and a report of such examination was to be made to the court by the county jail physician. These precautionary measures in our view indicate a careful consideration of defendant's medical problems and a considerate exercise of the court's discretion concerning the propriety of the sentence imposed.

### III.

■ Defendant Robert L. Storey, in addition to his argument on the sufficiency of the evidence, asserts the court committed prejudicial error in not making specific findings of fact. The trial court made the following general finding, which we regard as sufficient under the evidence presented by the People:

"On count six the Court is going to find both defendants guilty of recklessly causing bodily injury to King R. Morrison on August 1, 1972, at Denver, Colorado. The Court would note that at the time of this particular confrontation William E. Storey grabbed the officer from the front and Robert L. Storey from the rear causing the officer and the two defendants to fall to the ground. There was some further altercation on the ground, and in the course of the altercation the officer's left elbow was injured."

Moreover, Colo. R. Crim. P. 23(d), in effect at the time of the trial of the case, provided that in a case tried without a jury the court shall make a general finding and in addition, on request, shall make findings of fact and conclusions of law. Defendant did not request specific findings as required by the rule.

The judgments are affirmed.