701 P.2d 272

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Sally Ann STANSBURY,
Defendant-Appellant.**

**No. 15437.**

Court of Appeals of Idaho.

May 23, 1985.

by a motion in the district court to reduce her sentences under I.C.R. 35. The district court denied the motion after a hearing and Stansbury filed an amended notice of appeal. She raises two issues: (1) whether the sentences imposed constitute cruel and unusual punishment under the eighth amendment to the United States Constitution; and (2) whether the court abused its sentencing discretion. We affirm.

I

The prohibition against cruel and unusual punishment is generally thought to consist of two components: (A) the prohibition of inherently cruel punishment, and (B) the prohibition of cruelly excessive punishment. Annot., 33 A.L.R.3d 335, 349 (1970). "The former refers to those methods of punishment which are inhuman and barbarous .... The latter refers to punishment which is imposed by acceptable methods ... but which is so disproportionate to the offense, by reason of excessive amount or length, as to be forbidden by the constitutional provision." *Id.* Stansbury contends that both of these components were violated in this case.

Eugene A. Marano, Coeur d'Alene, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Sally Ann Stansbury was charged with two counts of first degree arson, I.C. § 18–801, and one count of presenting false information to an insurer, I.C. § 41–1325. She pled guilty to all three counts and was sentenced to the Board of Correction for three indeterminate terms not to exceed three years, all to run concurrently. A notice of appeal was filed, followed closely

A

■ Stansbury argues that, due to her "extremely poor health," imprisonment of any length would be inherently cruel.[1] Many of the arguments advanced by Stansbury concern the prospective difficulties in housing her at a penitentiary. She points out that, while in custody, she cannot constitutionally be deprived of her right to regular, outdoor exercise, nor can she be deprived of adequate medical attention. These are justifiable concerns to be sure. Nevertheless, prospective difficulties do not necessarily make a particular sentence

1. At the sentencing hearing in January 1984, Stansbury testified that she was paralyzed in her left side due to a damaged nerve; that she was confined to a wheelchair; that she was being treated for an ulcer; that she had recently undergone a hysterectomy; that she was unable to get out of bed or a bathtub by herself. Two months later, at another hearing Stansbury testified she could still not support her weight on her left leg; that she suffered from back pain; was still confined to a wheelchair and had recently fallen and had broken a bone in her shoulder. In addition to this testimony the court received several written reports from doctors and psychiatrists who had previously treated or examined Stansbury. These reports substantiated some of Stansbury's complaints and questioned others.

cruel and unusual. Prior to an actual deprivation of these rights, a sentence is not cruel and unusual unless there is at least the likelihood of such deprivation. Because Stansbury has not yet begun to serve her sentences, any deprivation is prospective. In fact, the district court postponed execution of the sentences for sixty days to enable the state to make whatever preparations would be necessary to confine her consistently with constitutional protections. Stansbury has not shown that a deprivation of these rights is likely to occur if her sentences are executed. Any deprivation is thus purely speculative.

■■■ Furthermore, it is not necessarily cruel and unusual punishment to imprison someone who has health problems. *See State v. Hunt,* 9 Ariz.App. 484, 453 P.2d 995 (1969) (psychological problems); *People v. Storey,* 191 Colo. 546, 554 P.2d 694 (1976) (physical problems). The burden is on the person asserting a constitutional violation to show the sentence is actually cruel and unusual. *State v. Kelly,* 106 Idaho 268, 678 P.2d 60 (Ct.App.1984). Stansbury contends that even a three-year prison sentence is cruel and unusual as applied to her. She has, however, failed to explain *why* except in generalities and by speculation. This is not enough. She has therefore failed to carry her burden.

B

■ Stansbury next argues her sentences were cruelly excessive. "Ordinarily, where the imposed sentence is within the limits prescribed by statute ... it will not be regarded as cruel and unusual." *State v. Iverson,* 77 Idaho 103, 111, 289 P.2d 603, 607 (1955); *see also Watkins v. State,* 101 Idaho 758, 620 P.2d 792 (1980). Where, however, the sentence of imprisonment is "for such a length of time as to be out of all proportion to the gravity of the offense committed, and such as to shock the conscience of reasonable men, [it] is cruel and unusual within the meaning of the constitution." *State v. Evans,* 73 Idaho 50, 58, 245 P.2d 788, 792 (1952). *Cf. Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976) (a sentence is excessive if it involves "the unnecessary and wanton infliction of pain" or if it is "grossly out of proportion to the severity of the crime." *Id.* at 173, 96 S.Ct. at 2925) (Stewart, J., with two Justices joining his opinion and four Justices concurring in the judgment).

■ Here, Stansbury arranged for her son and a friend to set fire to a neighbor's mobile home, hoping the fire would spread to her own mobile home. Her motive apparently was to collect the insurance proceeds. There were also allegations that Stansbury had the fire set to exact revenge on the neighbor for "chasing" her husband. In any event, members of the fire department risked their lives to no avail, as both homes were destroyed. Under similar circumstances, we have held a twenty-year indeterminate sentence was not excessive. *See State v. Knight,* 106 Idaho 496, 681 P.2d 6 (Ct.App.1984). In our review we have taken into account the character *and circumstances* of the offender, as well as the nature of the offense and the protection of the public interest. *See State v. Wolfe,* 99 Idaho 382, 582 P.2d 728 (1978). The two concurrent three-year indeterminate sentences in this case do not shock the conscience of this court, nor are they out of all proportion to the gravity of the offense. Likewise, the three-year sentence for presenting false information to an insurer is not excessive.

II

Finally, Stansbury argues that the district court abused its discretion by sentencing her to three three-year indeterminate terms. A person convicted of first degree arson may be sentenced to the penitentiary for a term up to twenty years. I.C. § 18–801. Stansbury's sentences for arson are well within the statutory maximum. A person convicted of presenting false information to an insurer may be sentenced to the penitentiary for up to five years. Again, Stansbury's sentence was within the maximum.

A sentence within the statutory maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Adams*, 106 Idaho 309, 678 P.2d 101 (Ct.App.1984). An abuse is shown if the sentence is unreasonable upon the facts of the case. *Id.* We have reviewed the full record and have considered the sentence review criteria set forth in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). We conclude that the district court did not abuse its discretion in imposing the sentences. We further hold that no abuse has been shown in connection with the denial of the motion to reduce the sentences under I.C.R. 35. The sentences are therefore affirmed.

WALTERS, C.J., and BURNETT, J., concur.