716 P.2d 1342

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Steven L. HASSETT, Defendant-Appellant.**

**No. 16176.**

Court of Appeals of Idaho.

March 20, 1986.

Owen L. Knowlton and Kent Merica, Nez Perce County Public Defender's Office, Lewiston, for defendant-appellant.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., for plaintiff-respondent.

PER CURIAM.

Steven Hassett pled guilty to first degree burglary and received an indeterminate seven-year sentence. After two months in the Idaho State Correctional Institution, Hassett moved to reduce his sentence under I.C.R. 35. The district court denied the motion without a hearing, and Hassett appeals. The sole issue on appeal is whether the district court abused its discretion in denying Hassett's Rule 35 motion. We affirm.

■ Our standards for reviewing a Rule 35 motion are well-settled. A motion to reduce a legally imposed sentence is addressed to the sound discretion of the district court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976); *State v. Goldman,* 109 Idaho 1031, 712 P.2d 732 (Ct.App. 1985). Such a motion is essentially a plea for leniency which may be granted if a sentence originally imposed was, for any reason, unduly severe. *State v. Russell,* 109 Idaho 723, 710 P.2d 633 (Ct.App.1985). As we noted in *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984), the criteria for evaluating a court's refusal to reduce a sentence are the same as those applied in determining whether the original sentence was excessive. *See State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). The *Toohill* criteria are well-known and need not be repeated here. The judge may consider facts presented at the original sentencing as well as any new information concerning the defendant's rehabilitative progress while in confinement. *State v. Torres,* 107 Idaho 895, 693 P.2d 1097 (Ct. App.1984). On appeal, we will examine the record of the original sentencing proceeding, together with information subsequently presented in support of the Rule 35 motion. *State v. Araiza,* 109 Idaho 188, 706 P.2d 77 (Ct.App.1985); *State v. Yarbrough,* 106 Idaho 545, 681 P.2d 1020 (Ct. App.1984).

■ Hassett could have been sentenced to a maximum term of fifteen years for the first degree burglary. I.C. § 18–1403. Thus, the seven-year indeterminate sentence was within the maximum allowable by statute. The sentence which is within the allowable maximum will not be disturbed unless a clear abuse of discretion is shown. *State v. Russell,* 109 Idaho at 724, 710 P.2d at 634; *State v. Beltran,* 109 Idaho 196, 706 P.2d 85 (Ct.App.1985). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Toohill,* 103 Idaho at 568, 650 P.2d at 710.

■ Hassett was arrested for burglarizing a furniture store in Lewiston, Idaho. At the time of the burglary, Hassett was on parole from an earlier burglary conviction. At sentencing, Hassett was twenty-two years of age and possessed a GED certificate. In addition to serious juvenile charges, Hassett's presentence report indicated that he had been convicted of three previous burglaries and two assaults. The district court noted at sentencing, that "the most significant thing about this presentence investigation report is your record. It's just difficult to ignore. There is no break in it. It's almost—it's almost continuous conduct that is against the law, not only just against the property but it contains also injury to persons...."

In support of his Rule 35 motion, Hassett presented a number of reasons why his sentence should be reduced. Hassett asserts that his incarceration has had a profound impact upon him and he has experienced the full measure of the law. He insists that an early release would allow him to support his wife and small child thereby relieving the state's burden of supporting his wife. Hassett contends that his early release would also reduce overcrowding at the correctional institution. Finally, at sentencing and again in his Rule 35 motion, Hassett asserted that his future conduct would be in conformance with the tenets of his Christian religion. His local pastor believed the assertions and offered future support to Hassett. The district

**572**

court was unpersuaded to change the sentence.

Having reviewed all the information presented at Hassett's original sentencing and contained in his Rule 35 motion, we conclude that the district court did not abuse its sentencing discretion or its discretion in determining whether leniency should be granted by reducing the sentence originally imposed. We note Hassett's arguments in support of his Rule 35 motion were also presented at his sentencing hearing not more than three months previous. At that time, the court observed that previous rehabilitative efforts following his convictions had not accomplished "any good." The court stated that its most important sentencing consideration was the protection of society. From the court's comments, it is clear that the judge considered the *Toohill* sentencing objectives. Accordingly, the order denying the Rule 35 motion is affirmed.