730 P.2d 1093

**STATE of Idaho, Plaintiff-Respondent,**

v.

**Dave ROACH, Defendant-Appellant.**

No. 16474.

Court of Appeals of Idaho.

Dec. 31, 1986.

Dave Roach, pro se.

Jim Jones, Atty. Gen., Lynn E. Thomas, Sol. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Dave Roach was convicted of lewd and lascivious conduct with a minor and sentenced to an indeterminate ten-year prison term. The judgment of conviction was upheld in *State v. Roach*, 109 Idaho 973, 712 P.2d 674 (Ct.App.1985). After that appeal was concluded, Roach timely filed a motion for reduction of sentence pursuant to I.C.R. 35. Roach essentially asked the district court to reconsider and reduce the sentence to one of probation and treatment. He cited his own exemplary conduct during the twenty months of incarceration. He also invited attention to overcrowded prison conditions and an alleged lack of professional treatment for his alcoholism and for his status as a sexual offender. The district court denied the motion and Roach appeals that decision.

Roach now raises new issues revolving around the constitutionality of his confinement. These claims are: (1) that incarceration of a mentally ill person without providing treatment is unconstitutional; (2) that I.C. § 20–223 constitutes cruel and unusual punishment by not providing for mental health treatment for sex offenders, yet requiring that they receive a psychological evaluation before being considered for parole; (3) that the denial of mental health treatment to those imprisoned for the offenses enumerated in I.C. § 20–223 violates due process and equal protection guarantees; and (4) that the imposition of a prison sentence was an abuse of discretion because Roach is mentally ill, *see* I.C. § 66–317(m), and will not receive needed psychological treatment in prison. For the following reasons, we affirm.

We begin with discussion of the last issue. In this appeal we have jurisdiction to determine whether denial of the motion for reduction of sentence was an abuse of discretion. We do not now have jurisdiction to review Roach's contention that the district judge abused his discretion when he imposed the sentence of imprisonment.

In his first appeal Roach did not contend that the sentence he received represented an abuse of discretion. He waited until after his first appeal was decided before he raised that issue. As a result he has exceeded strict jurisdictional time limits which preclude us from considering whether the sentence was an abuse of discretion when imposed. *See, e.g., State v. James,*

112 Idaho 239, 731 P.2d 234 (Ct.App.1986); *State v. Galbraith,* 111 Idaho 379, 723 P.2d 923 (Ct.App.1986); *State v. Anderson,* 111 Idaho 121, 721 P.2d 221 (Ct.App.1986). Accordingly, we will now consider only whether the judge later should have reduced the sentence as requested under the I.C.R. 35 motion. Our focus is upon the Rule 35 motion and upon the expanded record available when that motion was entertained. The rule provides that such motions "shall be considered and determined by the court without the admission of additional testimony and without oral argument, unless otherwise ordered by the court in its discretion."

A motion to reduce a legally imposed sentence is essentially a plea for leniency and is directed to the sound discretion of the trial court. *State v. Arambula,* 97 Idaho 627, 550 P.2d 130 (1976); *State v. Hassett,* 110 Idaho 570, 716 P.2d 1342 (Ct. App.1986). Review of a motion to reduce a sentence is guided by the same criteria utilized to review the reasonableness of the original sentence. *State v. Hassett, supra.*

Roach supported his Rule 35 motion with allegations that necessary medical and psychological treatment was not available to him at the prison. In the district court's view, these allegations—even if true—were not a proper basis upon which to modify an otherwise appropriate sentence. Consequently, no hearing was held to establish a factual background for Roach's allegations. On appeal Roach broadens his claim, asserting that because his confinement is unlawful the judge abused his discretion by denying the Rule 35 motion. Roach alleges that he is mentally ill and is being deprived of the mental health care and treatment to which he is constitutionally entitled. *See* *Balla v. Idaho State Board of Correction,* 595 F.Supp. 1558 (D.Idaho 1984). We have not been furnished an adequate record to review these issues.

In effect, Roach has expanded a plea for leniency into a multi-pronged constitutional attack on the conditions of his confinement. A Rule 35 motion is a poor vehicle for such an attack.[1] These issues can be developed more properly either through a writ of habeas corpus, Idaho Code Title 19, Chapter 42, or though the Uniform Post-Conviction Procedure Act, Idaho Code Title 19, Chapter 49. The Uniform Post-Conviction Procedure Act is to be viewed as an expansion of the writ of habeas corpus. *Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969). Either procedure provides an avenue for an evidentiary hearing where petitioner can offer proof as to the illegality of his imprisonment.[2] A Rule 35 motion, on the other hand, invokes no right to a hearing.

The constitutional questions presented by Roach are not properly before us on appeal of the denial of his Rule 35 motion requesting leniency. The legality of his confinement aside, Roach has not shown us that, on the record before the district judge, the judge abused his discretion by denying the Rule 35 motion. Accordingly, we affirm the order of the district court.

WALTERS, C.J., and BURNETT, J., concur.

---

1. Roach has argued that this Court, in a previous appeal from a denial of a Rule 35 motion, has reviewed whether a sentence imposed constituted cruel and unusual punishment, banned by the eighth amendment. He cites *State v. Stansbury,* 108 Idaho 652, 701 P.2d 272 (Ct.App. 1985). The appeal in *Stansbury* was timely taken from the sentences as well as from denial of the motion to reduce the sentences. The constitutional challenges were made to the sentences, as imposed. Those issues were decided as a result of the timely appeal from the sentences, not as a result of the denial of the Rule 35 motion.

2. We note that in *State v. Gee,* 107 Idaho 991, 695 P.2d 376 (1985), our Supreme Court held that the application of I.C. § 20-223 to a sex offender does not constitute cruel and unusual punishment.