764 P.2d 109

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Ramon GARZA, Defendant–Appellant.**

No. 17396.

Court of Appeals of Idaho.

Oct. 19, 1988.

Van G. Bishop, Canyon County Public Defender, Nampa, for defendant-appellant.

Jim Jones, Atty. Gen., Peter C. Erbland, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In this appeal we are asked to review an order of the district court refusing to reduce sentences that had been imposed for driving while under the influence of alcohol and for driving without privileges. We affirm the order.

Upon his pleas of guilty, a judgment of conviction was entered and Ramon Garza was sentenced to the custody of the State Board of Correction [1] for a five-year period for the offense of driving while under the influence (DUI). He also received a concurrent, three-year sentence for driving without privileges (DWP). The court ordered that a portion of each sentence (three years on the DUI and two years on the DWP) be served in confinement without eligibility for parole. See I.C. § 19–2513. Later, Garza timely filed a motion under I.C.R. 35 to reduce his sentences. At a hearing on the motion, Garza asked that he be placed on probation, essentially requesting the court to suspend the balance of his sentences. The court denied Garza's motion. Garza appealed.

Garza does not contend that his sentences were illegal or that they were imposed in an illegal manner. In fact he candidly discloses that he is not challenging the district court's initial sentencing discretion and he disclaims that his crimes were excused by the use of alcohol. His motion under Rule 35 simply was a plea for leniency, addressed to the sound discretion of the district court. *State v. Roach*, 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). Our task in this case, therefore, is to examine the record of the original sentencing proceeding, together with information subsequently presented in support of the Rule 35 motion, to evaluate whether the sentences imposed were for any reason unduly severe. *See State v. Hassett*, 110 Idaho 570, 716 P.2d 1342 (Ct.App.1986); *State v. Araiza*, 109 Idaho 188, 706 P.2d 77 (Ct.App. 1985).

Garza poses two reasons why the court erred in refusing to grant relief to him on his Rule 35 motion. First, he asserts he is an alcoholic and should not be punished for that condition. Second, he contends there is no rehabilitation or treatment program available for him while he is incarcerated. He argues that Idaho has adopted an express policy against punishment of alcoholics and in favor of providing treatment for alcoholism. *See* Title 39, ch. 3, Idaho Code, (denoted as the "Alcoholism and Intoxication Treatment Act"). He submits that he is being denied the benefits of that policy.

However, we do not find the existence of that policy to be controlling in this appeal. Idaho Code § 39–310, a part of the Alcoholism and Intoxication Treatment Act, specifically provides that nothing in the Act shall affect any prohibition against driving while under the influence of alcohol. In *State v. Puga*, 111 Idaho 874, 728 P.2d 398 (Ct.App. 1986), we held that section 39–310 was enacted to eliminate the status offense of public intoxication and expressly does not affect offenses involving operation of a vehicle while intoxicated. The record does not demonstrate that Garza is being punished solely for alcoholism; rather, it clearly shows that the court chose incarceration as a means of protecting society after numerous attempts—including license suspensions, probation periods, fines, and jail sentences—had proved unsuccessful in deterring Garza from operating motor vehicles while he was under the influence of alco-

---

1. The charges against Garza were punishable as felonies because he had been convicted of the requisite number of identical offenses within a

hol.[2]

Garza's plea for leniency centered upon his alcohol abuse, age, and sixth-grade education. These same factors were considered by the judge at sentencing. Although Garza asserted that his incarceration has had a profound impact on his understanding of his alcohol problem, the district court was not persuaded that this assertion should outweigh Garza's poor reform record with respect to past similar offenses and jail terms.

■ Garza also urges that serving a sentence without an available treatment program constitutes cruel and unusual punishment, in violation of the Eighth Amendment. However, we previously have concluded that such issues could be framed by a more properly developed factual record either through writ of habeas corpus or under the Uniform Post–Conviction Procedure Act. *Roach, supra.* A motion under Rule 35 is not an appropriate vehicle for multi-pronged constitutional attack on the conditions of Garza's confinement.

■ From the record before us, it appears that the district court properly concluded society needed a respite from Garza's unbroken pattern of criminal conduct. Confinement is appropriate for this purpose. It also may afford Garza an opportunity to overcome his alcohol problem and to obtain the occupational and educational skills necessary to avoid further trouble when he re-enters society. To be sure, Garza's position is unfortunate and his sentence is strict. However, we cannot say that his sentences were unduly severe or that the district court abused its discretion in not exercising leniency by reducing the sentences. The order denying the Rule 35 motion is affirmed.

---

five-year period preceding the instant prosecution. *See* I.C. §§ 18–8005(3) and 18–8001(4).

**2.** Garza's presentence investigation report disclosed that between 1978 and 1987 Garza had been fined, jailed, and/or placed on probation four times for driving while under the influ-

ence, three times for driving without privileges, and once each for reckless driving, inattentive driving and basic rule violations. In addition, his license to drive had been suspended during eleven periods and it was under suspension when the instant charges arose.