838 P.2d 331

**STATE of Idaho, Plaintiff–Respondent,**

**v.**

**Garth J. HADLEY, Defendant–Appellant.**

**No. 19617.**

Court of Appeals of Idaho.

Sept. 30, 1992.

Weinpel, Woolf & Combo and Stevan H. Thompson, Idaho Falls, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Michael A. Henderson, Deputy Atty. Gen., Boise, for plaintiff-respondent.

WALTERS, Chief Judge.

Garth Jerome Hadley appeals from the denial of his I.C.R. 35 motion to reduce sentences imposed after he was convicted of two separate offenses. Initially placed on probation, Hadley was ordered incarcerated after he violated probation. He argues that his sentences violate his constitutional right to be free from cruel and unusual punishments because the Board of Correction does not provide the inpatient treatment he needs as a chronic alcoholic to control the disease that has become a substantial cause of his criminal behavior. We affirm.

In April, 1990, Hadley was charged with and pled guilty to grand theft by disposing of stolen property, I.C. §§ 18–2403(4), 18–2407(1). On July 16, 1990, he was sentenced to the custody of the Board of Correction for fourteen years with a minimum period of ten years required confinement. The sentence was suspended and Hadley was placed on probation for five years. Two of the conditions of probation were that Hadley would not consume alcohol and would obey the law.

While on probation Hadley was charged with, among several other offenses, a felony count of driving while under the influence (D.U.I.), I.C. § 18–8004, –8005 (more than two such convictions within the previous five years). He admitted the D.U.I. was a violation of his probation and on October 5, 1990, also entered a guilty plea to the substantive crime.

On March 27, 1991, Hadley moved to consolidate proceedings on the D.U.I. charge for disposition with his probation violations. The court granted the motion and at a hearing on July 11, 1991, imposed a sentence of two to four years confinement for the D.U.I. conviction. At the

same time, the court found that Hadley had violated his probation, and revoked it. The court reinstated the original sentence of fourteen years for grand theft, at the same time reducing the minimum period of confinement to five years, to run concurrently with the D.U.I. sentence. As part of the sentence Hadley was ordered to attend for 90 days the drug and alcohol abuse treatment center at Orofino, Idaho. After completion of the program he was to serve the remainder of his sentences at the Idaho State Penitentiary.

The Department of Health and Welfare, which operates the treatment center, refused to admit Hadley because its goal is to work a person back into society, not into prison. Therefore, it will not accept people who are subject to incarceration. On August 28, 1991, Hadley filed a Rule 35 motion requesting the court to reconsider, in the singular, the "sentence" imposed in July, 1991. He urged that his sentence be restructured to include an intensively supervised probation or work release program so that he could be admitted at the treatment center.

The court construed the motion as a plea for leniency from both sentences. It denied the motion regarding the grand theft sentence on the grounds that it was untimely and also because the court had already reduced the minimum confinement period of that sentence. Regarding the D.U.I. sentence, the court denied the motion on the merits due to Hadley's extensive criminal record.

On appeal, Hadley argues the court erred when it ruled that his motion was untimely. He also asserts that incarcerating him without providing inpatient treatment for his alcoholism, when the disease appears to be a catalyst for his criminal behavior, is cruel and unusual punishment.

■ Rule 35 specifies that a motion to reduce a sentence must be made within 120 days of the date sentence was imposed, within 120 days after the court releases retained jurisdiction, or upon revocation of probation. "Upon revocation of probation" has been interpreted to mean that the motion must be made at the same time probation is revoked, or at least before the order revoking probation is filed, not afterwards. *State v. Hocker,* 119 Idaho 105, 803 P.2d 1011 (Ct.App.1991); *State v. Morris,* 119 Idaho 448, 807 P.2d 1286 (Ct.App.1991); *State v. Sutton,* 113 Idaho 832, 748 P.2d 416 (Ct.App.1987). If the motion is not made within the time specified, the court lacks jurisdiction to entertain the motion. *Id.* A defendant may be excused from the rigid requirements of Rule 35, however, if he has been misled or misinformed by the court as to when he can file. *State v. Barney,* 121 Idaho 368, 825 P.2d 91 (Ct. App.1991); *State v. Hocker, supra; State v. Corder,* 115 Idaho 1137, 772 P.2d 1231 (Ct.App.1989).

■ Hadley filed his motion on August 28, 1991. This was over a year after sentence was imposed for the grand theft conviction on July 16, 1990. It also was 48 days after sentence was imposed on the D.U.I. conviction and the revocation of probation from the grand theft charge. It is clear that Hadley did not file his motion, in connection with the grand theft conviction or the revocation of probation, until after the Rule 35 deadline expired. However, the motion was timely as to the sentence imposed for D.U.I.

Hadley contends, however, that the motion was timely as to both sentences because he had been misinformed by the court as to when he could file. At the probation revocation hearing, the court told Hadley:

I think Mr. Thompson [Hadley's counsel] will tell you that basically what the inference here is that this court, at some time down the road, if you absolutely toe the mark and get nothing but glowing marks, will probably entertain a Rule 35 motion for leniency. But I am not going to entertain a retained jurisdiction at this time. Mr. Thompson is aware that a Rule 35 can be brought in the interest of leniency based upon your progress and rehabilitation during your incarceration. That is your only and best hope.

This is an incorrect statement of the law, and requires us to conclude that Hadley may have been misled by the court's repre-

sentation. Therefore, we must construe Hadley's motion to be timely regarding both sentences. *See State v. Barney, supra; State v. Corder, supra.* We must now determine if Hadley was entitled to any relief from either of his sentences. We hold that he was not.

■ Hadley's two main arguments were not raised below. He asserts for the first time on appeal that not providing inpatient treatment violates his eighth amendment right to be free from cruel and unusual punishment, and that the Idaho Alcoholism and Intoxication Treatment Act, I.C. § 39–301 through § 39–311, requires treatment of alcoholics. Idaho appellate courts will not consider issues raised for the first time on appeal. *State v. Lavy,* 121 Idaho 842, 828 P.2d 871 (1992). Failure to raise constitutional and statutory issues below is a waiver of the right to raise the issues on appeal. *Whitehawk v. State,* 119 Idaho 168, 804 P.2d 341 (Ct.App.1991). An exception to this rule is triggered, however, if the issue embodies a fundamental error committed by the lower court. A fundamental error is one which so profoundly distorts the proceedings that it produces manifest injustice depriving the defendant of his fundamental right to due process. *State v. Lavy, supra.*

■ Hadley has not been subject to manifest injustice depriving him of due process. The eighth amendment to the U.S. Constitution, applied to the states through the due process clause of the fourteenth amendment, does not require treatment for alcoholism, even where the disease creates a continuing danger to the public. *State v. Puga,* 111 Idaho 874, 728 P.2d 398 (Ct.App. 1986). *See also Marshall v. United States,* 414 U.S. 417, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974) (in context of drug addiction, there is

no fundamental right to rehabilitation after conviction); *Balla v. Idaho State Board of Corrections,* 869 F.2d 461, 469 (9th Cir. 1989) (no treatment required for sexual offenders); *Hoptowit v. Ray,* 682 F.2d 1237 n. 8 (9th Cir.1982) (right to rehabilitation may extend to those committed for mental incapacity, but not to those serving criminal sentences); *Pace v. Fauver,* 479 F.Supp. 456 (D.N.J.1979) (failure or refusal to let state prison inmates establish alcoholism rehabilitation program is not cruel and unusual punishment). Idaho does not sentence alcoholics on the basis that the disease predisposes them to commit crimes. *Balla v. Idaho State Board of Corrections, supra.* Rather, a person is convicted and sentenced solely for the commission of crimes. *Id.* In other words, Idaho's purpose in sentencing is not rehabilitative, but punitive. *Id.; State v. Gee,* 107 Idaho 991, 695 P.2d 376 (1985).

■ Hadley argues, however, that not providing treatment and rehabilitation for alcoholism is a denial of the minimum medical treatment he needs. Two doctors testified that confinement without treatment would do nothing to enable Hadley to control his alcoholism, therefore incarceration would do little to curb his criminal propensities. Prisoners do have a fundamental constitutional right to adequate medical care and medical facilities. *Hoptowit v. Ray, supra; State v. Puga, supra.* "Adequate medical care," however, has not been interpreted to require rehabilitation or treatment for chronic alcoholism, and we decline to make that interpretation here.[1]

■ Hadley further argues that he has a statutory right to treatment under the Idaho Alcoholism and Intoxication Treatment Act. This argument also was not raised

---

1. Even if Hadley could effectively argue fundamental error, it is established that a Rule 35 motion is not the appropriate vehicle in which to raise an argument of cruel and unusual punishment. *State v. Garza,* 115 Idaho 32, 764 P.2d 109 (Ct.App.1988); *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). Deprivation of rehabilitative treatment is an issue properly framed in a petition for a writ of habeas corpus or under the Uniform Post–Conviction Procedure Act. *State v. Roach, supra.* We note the record indicates that Hadley filed a pro se petition for post-conviction relief on November 20, 1991. The state moved for summary dismissal, Hadley responded, and the court issued an order disclosing its intention to dismiss the petition on the grounds that Hadley had not shown treatment was legally required or that it was denied him. It also found Hadley's sentences to be supported by the record. What ultimately happened to the petition is not clear in the record.

below and does not present an issue of fundamental error allowing it to be raised for the first time on appeal. The Act establishes a system for the evaluation and treatment of alcoholics outside of prison facilities, and provides that intoxicated persons will not be subjected to criminal prosecution or incarceration solely because of their consumption of alcohol. I.C. § 39–301. Thus, the Act eliminates the status offense of alcoholism and provides a mechanism for treatment. In no way does it impose a requirement to provide treatment for alcoholics convicted of substantive crimes.

 Next we must determine if the court's denial of the motion in relation to the D.U.I. sentence was erroneous. It was not. Hadley's sentence of two to four years for felony D.U.I. was within the range allowed by statute. When denying the motion, the court noted that the criteria used to determine the original sentence were also applied in a Rule 35 motion, that is, the protection of society, rehabilitation, retribution, and deterrence. The court observed that Hadley sincerely wanted to change his life and control his alcoholism. However, the court also felt constrained by Hadley's record and his inability to take advantage of the opportunities the courts had given him in the past. Hadley's criminal record dates back to 1974 when he ran away from home to escape the physical and

emotional abuse he was suffering there. Since then, however, his criminal record shows 47 entries including fifteen misdemeanors, nine felonies, and several probation and parole violations. The district judge noted that Hadley previously had appeared before him several times when the judge was a magistrate. In those earlier encounters Hadley had also asserted that he could control his alcoholism if given the chance through probation and treatment. He was unsuccessful. The court expressed sympathy for Hadley's condition and frustration that the state has yet to provide a rehabilitation program for those in Hadley's position.[2] Yet, considering Hadley's record, the court felt its hands were tied and determined that to protect society and deter Hadley and others, incarceration was the only reasonable alternative. We find the court's reasoning to be sound and supported by the record.

Based on the foregoing, the denial of the Rule 35 motion, applied to both sentences, is affirmed.

SWANSTROM and SILAK, JJ., concur.

---

**2.** In its appellate brief, the state notes that little change evidently has occurred since 1968 when Chief Justice Taylor confronted the problem of limited correctional resources and stated: "Until the legislature provides a different means for the rehabilitation of the chronic alcoholic, the courts must resort to incarceration as the only available remedy." *State v. Oyler,* 92 Idaho 43, 47, 436 P.2d 709, 713 (1968) (Taylor, C.J., concurring).