845 P.2d 589

**STATE of Idaho, Plaintiff–Respondent,**

v.

**James O. LOWELLS, Defendant–Appellant.**

**No. 19937.**

Court of Appeals of Idaho.

Feb. 2, 1993.

Van G. Bishop, Nampa, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

James O. Lowells plead guilty to sexual abuse of a child under the age of sixteen. I.C. § 18–1506. The district court imposed a ten-year unified sentence with five years' fixed. The district court later denied Lowells' motion to reduce his sentence under I.C.R. 35. Lowells appeals this order, and we affirm.

Lowells, 58 years old at the time of the offense, and his wife offered to let the victim stay at their home because the victim was having family problems. The victim was fourteen years old. While staying at the Lowells' home, in a basement bedroom, the victim was undressed by Lowells on numerous occasions over a period of three to four weeks. On one occasion, after undressing the victim, Lowells proceeded to fondle the child, sucking on her breasts and digitally manipulating her vagina. On another occasion, Lowells tried to have intercourse with the victim. These episodes lasted as long as three hours. The victim tried to fend off Lowells' advances but was threatened with beatings if she did not submit or said anything to anyone. The victim eventually spoke to a counselor who in turn advised police of the conduct, whereupon the charge of lewd conduct with a child was filed. Lowells later informed a presentence investigator that he had a problem with his memory; that it was possible he had committed the acts but did not realize he was doing them.

Through a plea bargain, Lowells pled guilty to a reduced charge of sexual abuse of a child. The district court sentenced Lowells to unified sentences of five years' fixed and five years' indeterminate. Lowells filed a Rule 35 motion, asserting he now remembered the conduct with the victim, and that he believed he was in need of rehabilitation. The motion was denied by the district court after it reviewed the record, the PSI, and the nature of the crime. Lowells appeals the order denying his Rule 35 motion claiming that the district court abused its discretion by failing to consider the goal of rehabilitation. Additionally, he

raises a claim that he is deprived of due process by being sentenced to imprisonment without having access to psychological treatment.

 A motion under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency from an unduly severe sentence. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for the reduction of a sentence will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Id.* at 450, 680 P.2d at 872. Otherwise stated, the factors considered in determining whether to reduce a sentence are the same as those applied in evaluating whether the original sentence was excessive; namely, protecting society, deterring the defendant and others, rehabilitating the defendant, and punishing the defendant. *State v. Snapp*, 113 Idaho 350, 351, 743 P.2d 1003, 1004 (Ct. App.1987); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App.1982). If the sentence is not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction.

██ Lowells did not present any additional information to the district court in support of his Rule 35 motion. Lowells argues that the district court failed to address the goal of rehabilitation, stating that the court "could not possibly have given any meaningful consideration" to rehabilitation, otherwise the court would not have given Lowells a five-year fixed sentence. Lowells, however, points to no defect in the record that would indicate the district court failed to follow the proper standards. At the sentencing hearing, the district court had the benefit of a PSI and psychological report. The PSI reported that Lowells said he had a problem with his memory. Lowells reported to the examining psychologists that he has such a poor memory that the abuse could have occurred. The psychological evaluation also stated that Lowells expressed no remorse but tended to blame the victim. The psychologists viewed Lowells as needing therapy but as probably agreeing to therapy "only under pressure of family or legal difficulties." The PSI investigator recommended a prison sentence, while also opining that the defendant needed counseling to work through his denial and his sexual deviancy.

The record reveals that the district court considered the PSI, the psychological report, and the court record, in denying Lowells' Rule 35 motion. We conclude that the district court's decision to deny Lowells' motion for leniency did not constitute an abuse of discretion.

██ Lowells raises a due process issue for the first time to this Court. In *State v. Roach*, 112 Idaho 173, 175, 730 P.2d 1093, 1095 (Ct.App.1986), we were confronted with this same argument and we held that the "constitutional questions presented ... are not properly before us on appeal of the denial of [the] Rule 35 motion requesting leniency." The proper avenue for this type of challenge is through post-conviction relief procedures where a proper evidentiary record can be developed. *Id.* Therefore we do not reach Lowells' constitutional challenge.

We affirm the district court's order denying Lowells' Rule 35 motion.