**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45864**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 3, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| LUTHER DAVID HILL, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction and unified sentence of three years, with a minimum period of confinement of one year, for possession of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

_____

PER CURIAM

Luther David Hill pled guilty to possession of a controlled substance. I.C. § 37-2732(c). In exchange for his guilty plea, an additional charge was dismissed. The district court sentenced Hill to a unified term of three years, with a minimum period of confinement of one year. Hill filed an I.C.R 35 motion, which the district court denied. Hill appeals, arguing that his sentence is excessive and that the district court erred in denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court abused its discretion in denying Hill's Rule 35 motion. Hill argues that "prison overcrowding, inadequate medical care, and overall poor treatment since his incarceration" justify the reduction of his sentence. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). However, Rule 35 is not an appropriate vehicle for a constitutional attack on the conditions of confinement. *State v. Garza*, 115 Idaho 32, 34, 764 P.2d 109, 111 (Ct. App. 1988); *State v. Roach*, 112 Idaho 173, 175, 730 P.2d 1093, 1095 (Ct. App. 1986). Such challenges are more appropriately brought in a post-conviction proceeding or a petition for a writ of habeas corpus. *State v. Leach*, 135 Idaho 525, 532, 20 P.3d 709, 716 (Ct. App. 2001). Even considering the reasons Hill cited in support of his Rule 35 motion, the district court found that Hill failed to present any new or additional information relevant to sentencing and concluded that the grounds Hill cited in his Rule 35 motion did not warrant a reduced sentence. The district court further concluded that Hill's sentence was not excessive but was, instead, "relatively light" in light of Hill's "significant criminal history." Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Hill's judgment of conviction and sentence, and the district court's order denying Hill's Rule 35 motion, are affirmed.