777 P.2d 740

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael SOMMERFELD,
Defendant–Appellant.**

**Nos. 17445, 17815.**

Court of Appeals of Idaho.

July 31, 1989.

Joan M. Fisher, Moscow, for defendant-appellant.

Jim Jones, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

In this consolidated appeal, Michael Sommerfeld raises two issues related to his conviction for attempted robbery. First, he contends that the sentence ordered by the district court was excessive. Second, he submits that the district court erred in subsequently refusing to reduce his sentence under I.C.R. 35. For the reasons explained below, we affirm both the sentence imposed by the judgment of conviction and the district court's denial of Sommerfeld's Rule 35 motion.

The facts of this case may be stated briefly. In May, 1987, Sommerfeld entered a bank in Potlatch, Idaho, and demanded the contents of the bank's safe. When the bank manager told Sommerfeld that he was unable to open the safe, Sommerfeld fled. Sommerfeld was apprehended, and eventually pled guilty in the district court for Latah County to attempted robbery. I.C. §§ 18–6501, –306. For this offense, Sommerfeld received a ten-year unified sentence, with a four-year minimum period of confinement. I.C. § 19–2513. Sommerfeld appealed from the judgment of conviction, asserting the sentence was excessive. Subsequently, Sommerfeld filed a timely motion under I.C.R. 35 for reduction of his sentence. That motion was denied by the district court. Sommerfeld then filed a "motion for reconsideration" of the district court's denial of his Rule 35 motion, asking the court to consider the state of his rehabilitative progress at the Idaho State Correctional Institution (ISCI). After a hearing, the district court again denied Sommerfeld's Rule 35 motion. We are thus presented with Sommerfeld's appeals both from the original judgment of conviction and from the district court's order denying his request for relief under Rule 35.

I

 We first address Sommerfeld's claim that his sentence is excessive. Sentencing decisions are within the discretion of the trial court. *See State v. Chacon,* 114 Idaho 789, 760 P.2d 1205 (Ct.App.1988). Upon review of a sentence imposed pursuant to the Unified Sentencing Act, I.C.

§ 19–2513, our attention is focused primarily upon the minimum period of confinement specified by the sentencing judge. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct. App.1989). In evaluating the reasonableness of such confinement, we continue to apply the substantive criteria articulated in *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). To the extent that the minimum period of confinement represents the judicially determined "price" of a crime, we will consider whether the sentence primarily satisfies the goals of retribution and deterrence. *State v. Sanchez, supra.* Insofar as the duration of confinement also establishes a prospective time frame for evaluation of the prisoner's eventual suitability for parole, we will secondarily consider the related goals of rehabilitation and protection of society. *Id.* When evaluating an exercise of the district court's sentencing discretion, we will conduct an independent review of the record, focusing upon the nature of the offense and the character of the offender. *State v. Chacon, supra.*

 In this case, we find no abuse of discretion in the district court's sentencing decision. We note that the sentence imposed upon Sommerfeld was within the statutory limits for this offense. *See State v. Thompson,* 101 Idaho 430, 436, 614 P.2d 970, 976 (1980) (maximum sentence for attempted robbery is one-half of life sentence). A review of the record indicates that, when imposing Sommerfeld's sentence, the district judge took into consideration certain mitigating factors, including Sommerfeld's character, the testimony of Sommerfeld's father who spoke in his behalf, and the recommendations of a psychological counselor who favored treatment for Sommerfeld's personality disorder and drug abuse problem. However, as pointed out by the judge, Sommerfeld is a multiple felony offender whose prior offenses include a robbery. His past attempts at rehabilitation while on probation and parole have been unsuccessful. Furthermore, the judge noted that Sommerfeld is a self-admitted drug user and drug dealer, and, based upon his attempted robbery in this

case, he is a person who poses a continuing threat to society. Noting that Sommerfeld was possibly a candidate for rehabilitation, the judge imposed a period of confinement less than the maximum ten-year term of incarceration recommended by the state, apparently convinced that such a sentence would protect society while in some way aiding Sommerfeld's rehabilitation efforts.

Considering the nature of the crime committed by Sommerfeld, we do not believe the sentence imposed upon him is unreasonable. Because Sommerfeld has failed to show an abuse of discretion in the district court's sentencing decision, the judgment of conviction is affirmed.

## II

■■■■ Next, we discuss the district court's denial of Sommerfeld's Rule 35 motion. A Rule 35 motion is essentially a plea for leniency which may be granted if the sentence imposed was, for any reason, unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). Such a motion is directed to the sound discretion of the trial court. *State v. Roach,* 112 Idaho 173, 730 P.2d 1093 (Ct.App.1986). On appeal, we will determine whether the entire record, including any facts presented in connection with the motion, shows the court has abused its discretion in failing to grant the leniency requested. *See State v. Stanfield,* 112 Idaho 601, 733 P.2d 822 (Ct.App.1987). In making this determination, we apply the same criteria used for reviewing the reasonableness of the original sentence.

■■■■ In the instant case, Sommerfeld points out that, due to being placed in protective custody at the ISCI,[1] he is unable to take advantage of prison programs such as drug abuse counseling and educational classes which he hoped would speed his rehabilitation during his prison confinement. Sommerfeld contends that because he cannot enroll in these programs, the sentence he is now serving is more severe than the sentence originally imposed upon him by the district court.

Therefore, Sommerfeld submits that the district court abused its discretion by not reducing his sentence accordingly. We disagree. Based upon our analysis in *Sanchez,* the judicially determined "price" which Sommerfeld is required to pay for his crime is only secondarily impacted by his capacity for rehabilitation. Having already determined in Part I of our opinion that Sommerfeld's sentence satisfies the goals of retribution and deterrence, and yet still considers his rehabilitative potential, we conclude that the district judge did not abuse his discretion by denying Sommerfeld's Rule 35 motion. Furthermore, we have previously concluded that an alleged deprivation of rehabilitative treatment is an issue more properly framed for review either through a writ of habeas corpus or under the Uniform Post–Conviction Procedure Act. *State v. Roach, supra.* If Sommerfeld is convinced that the lack of prison programs available to him has impeded his rehabilitative progress, he may avail himself of these remedies. The district court's denial of Sommerfeld's motion for reduction of sentence is therefore affirmed.

---

1. Sommerfeld was placed in protective custody at the ISCI for protection from other inmates because he had informed police of a suspected jail escape at the Latah County Jail.