812 P.2d 310

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Terry L. CONNOR, Defendant–Appellant.**

No. 18842.

Court of Appeals of Idaho.

May 30, 1991.

Whittier, McDougall, Souza, Murray & Clark, Chartered, Monte R. Whittier, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is a sentence review case. Terry Connor pled guilty to a charge of attempted kidnapping in the second degree. *See* I.C. §§ 18–4503, 18–306. The district court sentenced Connor to a nine-year determinate period of confinement to be followed by a three and one-half year indeterminate period. Connor appeals, essentially arguing that his sentence is inappropriate. We affirm.

Facts

On April 25, 1990, Connor attempted to abduct a woman from the parking lot of an Albertson's grocery store in Pocatello, Ida-

ho. The woman later told the police that as she walked to the front of her pick-up truck she noticed that the side doors of the van next to her truck were slightly open. A little frightened, she entered her truck. Immediately after she got behind the wheel she was grabbed across the face by Connor, who covered her mouth with one of his hands and attempted to pull her from the truck. She held onto the steering wheel and when one of Connor's fingers slipped into her mouth, she bit down hard and sounded the truck's horn. Connor let go, got into his van and drove away, leaving the woman screaming. The van was later found on the side of a road stuck in soft dirt with the engine running, the headlights on, and the transmission in drive. Connor was apprehended hitchhiking along Interstate 15, apparently headed toward Utah.

### Arguments on Appeal

Connor claims that he was in an alcohol and drug-induced stupor at the time of the incident. He argues that his "problems do not stem from his desire to abduct people … [but] are a clear result of his abuse of alcohol and controlled substances." Connor asserts that most of his life he has abused drugs and alcohol and that the court should have imposed a sentence which would have allowed for rehabilitation and treatment.

### Standard of Review

■ Sentencing is a matter left to the discretion of the trial court. *State v. Sommerfeld,* 116 Idaho 518, 777 P.2d 740 (Ct. App.1989). This Court will not disturb a sentence unless the defendant demonstrates an abuse of discretion. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989). A sentence imposed within the limits prescribed by statute ordinarily will not be considered an abuse of discretion. *State v. Nice,* 103 Idaho 89, 645 P.2d 323 (1982). We note that kidnapping in the second degree carries a maximum sentence of up to twenty-five years incarceration. I.C. § 18–4504(2). Attempted kidnapping in the second degree allows imposition of up to one-half of that sentence. I.C. § 18–306(1). Connor's sentence of twelve and one-half years falls within the range allowed by statute.

■ However, even though Connor's sentence is within the statutory limits, it may represent an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *Nice, supra.* A sentence is reasonable if it appears to accomplish the objective of protecting the good order of society and is imposed to achieve any or all of the related goals of deterrence, rehabilitation or retribution. *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). A sentence of confinement that is longer than necessary to serve these goals is unreasonable. *Id.* Insofar as the minimum period of confinement represents the judicially determined "price" of a crime, we will consider whether the sentence primarily satisfies the goals of retribution and deterrence. *Sommerfeld, supra.* So far as the duration of the minimum period of confinement also establishes a period for evaluating the prisoner's eventual suitability for parole, we will consider the goals of rehabilitation and protection of society. *Id.* When reviewing a sentence, we independently examine the facts in the record and focus on the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982).

When evaluating a sentence imposed under the Unified Sentencing Act, I.C. § 19–2513, we treat the minimum fixed period as the probable measure of confinement. *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). We are unable to speculate as to a possible term of confinement longer than the minimum term because the Commission on Pardons and Parole is vested with the discretion to grant or deny parole any time after completion of the minimum term. I.C. § 19–2513. *See State v. Bartlett,* 118 Idaho 722, 800 P.2d 118 (Ct.App.1990). Thus, we will treat Connor's probable term of confinement as nine years.

### Discussion

It is clear that Connor's sentence does not exceed the statutory limit and is not, in

itself, an abuse of discretion. Instead, Connor argues that the sentence is inappropriate because it "will do nothing to help him come to terms with his problems," specifically referring to his drug and alcohol problems. Although he acknowledges that the sentence will keep him away from drugs, alcohol and open society, Connor asserts that once he is released "he will in all probability go back to the substances he has abused all his life." Connor argues that a sentence that would rehabilitate and educate him regarding his drug and alcohol problem would be more reasonable than the one imposed.

At sentencing, the trial court had the benefit of Connor's pre-sentence investigation report. The report reveals several important details that the court considered when it imposed the sentence. The first is that between the time of his arrest and the time he was sentenced, Connor told at least two very inconsistent, unsubstantiated versions of the crime. However, he pled guilty and does not deny he committed the act. Second, the pre-sentence investigation report revealed Connor's criminal history. Connor himself stated that he had been arrested and referred to juvenile court approximately four times. His adult record started in 1967 with a breaking and entering conviction for which he was incarcerated and paroled. From then until the present offense he has been arrested and convicted ten times for crimes including burglary of an automobile, accessory to grand larceny, a federal firearms violation, making obscene phone calls, driving under the influence, and possession of marijuana. At the time of the attempted kidnapping, Connor was on supervised probation for felony theft in Utah.

The pre-sentence report includes statements by Connor that he regularly drank alcohol heavily about five times a week, becoming intoxicated at least three of those times. He stated that he started using illegal drugs when he was ten years old and alcohol when he was eleven. Although he claims to have completed a twenty-eight day inpatient treatment program in Utah in 1986, Connor says that when it comes to alcohol, "I keep craving it and want more."

Connor claims that on the night of the incident he was drinking heavily and using marijuana and cocaine the entire evening.

Responding to Connor's assertion that he had been drinking and using drugs on the night of the crime, the court stated that voluntary intoxication and substance abuse did not excuse the fact that he attempted to commit the crime of kidnapping and was prevented from completing it only because of the resistance of the victim. The court stated that Connor's substance abuse in this case did not mitigate the seriousness of the offense. In that judgment we cannot disagree.

The record indicates that the court considered the appropriate sentencing goals when it sentenced Connor. Considering deterrence and the protection of society, the court concluded that the community had a right to expect not to be treated as Connor had treated the victim and that "as far as deterrence is concerned, an attempted act of this nature cannot be condoned."

The record also indicates that the court considered the goals of rehabilitation and punishment. The sentencing judge commented, "I certainly don't think, Mr. Connor, you're a fit person to be put on probation." The court noted Connor's lack of effective drug and alcohol counseling and expressed regret that Connor had not solved his problem sooner, possibly preventing the crime charged. The court found that the attempted abduction of the victim was conduct serious enough that "there has to be punishment...."

The court acknowledged that it was imposing a harsh sentence. However, it pointed out that it could have imposed a twelve and one-half year fixed sentence, but thought that would be too severe. The court explained that it imposed the nine-year minimum period of confinement to allow Connor the possibility of earning a release before the maximum sentence was served. The court stated that "hopefully your conduct in the institution will merit a parole, and you'll want to get on with your life and try to be a good citizen."

The statements of the judge at sentencing indicate that he did consider all of the appropriate goals of sentencing in light of the circumstances of this particular case. We find Connor's sentence to be reasonable and not an abuse of discretion. We affirm the sentence.