813 P.2d 925

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brent Steven SHERMAN,
Defendant–Appellant.**

**No. 18807.**

Court of Appeals of Idaho.

July 2, 1991.

Alan E. Trimming, Ada County Public Defender, Timothy L. Hansen, Deputy Public Defender, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Brent Sherman seeks appellate review of his sentence and of the district court's order relinquishing jurisdiction in his case. Following pleas of guilty to burglary in the second degree and grand theft, Sherman was sentenced to concurrent terms of five years in the custody of the Board of Correction, with a minimum term of confinement of one year. The court retained jurisdiction, which was extended beyond the initial 120–day period. At the expiration of this evaluation period, the court entered an order relinquishing jurisdiction. Sherman appeals this order and his sentence which he characterizes as an abuse of discretion. We affirm the district court order and sentence.

The charges against Sherman arose from two separate incidents which took place in November, 1989. Sherman was charged with second degree burglary and grand theft of property belonging to and located on the premises at Overland Lumber in Boise. I.C. §§ 18–1401, –1402, –1404, –2407(1). Approximately ten days later, Sherman was charged with grand theft by unauthorized control when he attempted to dispose of a television and of video equipment owned by a video game store in Boise. I.C. § 18–2403(3). As a result of plea negotiations, one of the felony charges was dropped in exchange for Sherman's guilty plea on the other two charges.

Sherman does not claim that his sentence is excessive. Rather, he contends that the district judge should have given him a suspended sentence and probation. He argues that, in sentencing Sherman, the judge did not properly consider the lack of parental nurturing during his youth or the extent of his alcohol and drug abuse. Thus, the issue on appeal can be framed as a challenge to the reasonableness of the sentence.

■ We apply the abuse of discretion standard of review to the district court's choice to deny probation and impose a penitentiary sentence. *State v. Ogata*, 95 Idaho 309, 508 P.2d 141 (1973); *State v. Chapel*, 107 Idaho 193, 687 P.2d 583 (Ct.App. 1984). Unless a sentence is unreasonable under the facts of the case, we will not, on appeal, conclude that the sentencing judge abused his discretion. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (S.Ct. No. 18414, slip op. May 30, 1991) (petition for rehearing pending).

■ In this case, the sentencing judge acknowledged that Sherman had been abandoned by his parents at an early age, but that he was cared for by loving and concerned grandparents. The judge concluded that while it might have been preferable to be raised by his mother and father, Sherman was unjustified in using his family situation as an excuse for his criminal propensities. The presentence investigation report on Sherman disclosed that he had spent three years in juvenile detention in Fresno County, California, for grand theft offenses and that he had been arrested in Oregon in violation of the release agreement with the California juvenile authorities. As the prosecutor stated at the sentencing hearing, Sherman had been afforded opportunities to reform his ways and redirect his life, but he had rejected the help he was offered.

■ The district court initially elected to retain jurisdiction over Sherman. At that time, the judge admonished Sherman that he would have to change his past behavior involving fraud and chicanery to steal from people. The judge indicated if that attitude and conduct continued, that is, if he did not show to the court that he had earned probation, he would be sent to the penitentiary. To Sherman's discredit, the reports from the majority of the staff at the North Idaho Correctional facility were negative. Sherman was described as uncooperative, manipulative, and self-serving. He was at odds with the reports which were presented to the jurisdictional review committee, but he finally conceded that he had not been sincere or extended any effort in the program. Until the rebuttal hearing held before the committee, he even denied any substance abuse problems or that he needed to be rehabilitated.

We conclude that Sherman has not met his burden of proof that his sentence was unreasonable. The authority for the court to retain jurisdiction is found in I.C. § 19–2601. The permissible sentence limits for Sherman's crimes of second degree burglary and grand theft by unauthorized control are defined in I.C. §§ 18–1403 and 18–2408 respectively. Sherman's sentence of five years, with one year fixed, is within the statutory limits. The judge took into account Sherman's young age, and, accordingly, his comments at sentencing emphasized the sentencing goals of rehabilitation and deterrence. *See State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982). In relinquishing jurisdiction, he followed the recommendation of the jurisdictional review committee. The discretion of the district court in sentencing Sherman and in denying probation following the period of retained jurisdiction was properly exercised. We affirm the order of conviction and sentence, as well as the order relinquishing jurisdiction.

WALTERS, C.J., and SILAK, J., concur.