816 P.2d 1021

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Brent Steven SHERMAN, Jr., Defendant–Appellant.**

**No. 19176.**

Court of Appeals of Idaho.

Sept. 6, 1991.

Alan E. Trimming, Ada County Public Defender, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

Brent Sherman previously filed a direct appeal to challenge the sentences he received in the district court in Ada County (Supreme Court No. 18807). He now appeals from the order denying his I.C.R. 35 motion for reduction of his sentences. We affirm the order of the district court.

Pursuant to a plea bargain, Sherman pled guilty to second degree burglary (I.C. § 18–1401) and to grand theft of video equipment by unauthorized control (I.C. § 18–2403(3)). A third felony charge was dropped. Sherman was sentenced to concurrent unified terms of five years, with a one-year minimum period of incarceration; however, the district court retained jurisdiction over Sherman under I.C. § 19–2601(4). In June, 1990, the court relinquished its jurisdiction, requiring Sherman to serve his sentence.

On October 17, 1990, Sherman requested relief from his sentence through a Rule 35 motion. He later supplied the court with additional documentation in support of his motion. He asked the court to take note that he had already served the entire fixed portion of his sentence and of the overcrowding at the prison. He submitted that his time served was sufficient punishment and, because his opportunities for rehabilitation while incarcerated were minimal, that he should be released with supervision to get on with his education and job plans. The district judge denied the motion without a hearing. This appeal followed.

A Rule 35 motion, which is essentially a plea for leniency, is addressed to the sound discretion of the sentencing court. *State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App.1987). Within that discretion is the choice of whether or not to conduct an evidentiary hearing on the motion. *Id.* We review the question on appeal to determine from the record, whether the facts presented in connection with Sherman's motion show that the district court abused its discretion in failing to grant the leniency requested. *State v. Wright*, 114 Idaho 451, 757 P.2d 714 (Ct. App.1988). Sherman bears the burden of showing that his original sentences were unduly severe. *Id.*

In Sherman's direct appeal, we held that the district court acted within its discretion in imposing the concurrent five-year sentences, with a minimum period of confinement of one year. We also determined that the sentences were reasonable. *See State v. Sherman*, 120 Idaho 114, 813 P.2d 925 (Ct.App.1991). Because we have already held that the sentences when originally imposed were not excessive, it is incumbent on Sherman to show that the sentence is excessive in view of the new or additional information presented with his motion to reduce. *State v. Forde, supra.*

We acknowledge that Sherman's "additional documentation" informed the court of conditions within the prison and of Sherman's progress in completing his sentence. First, the determination of whether an inmate has served a commensurate amount of his sentence such that he is eligible for parole rests with the Department of Corrections, not the sentencing judge. *See* I.C. § 20–223; *see, e.g., Vittone v. State*, 114 Idaho 618, 759 P.2d 909 (Ct. App.1988). Second, claims of deprivation of rehabilitative treatment and attacks on the conditions of confinement are preferably addressed in post-conviction or habeas corpus proceedings. *See State v. Sommerfeld*, 116 Idaho 518, 777 P.2d 740 (Ct.App. 1989); *State v. Garza*, 115 Idaho 32, 764 P.2d 109 (Ct.App.1988).

Here, we conclude that the district court did not abuse its discretion by refusing to reduce Sherman's concurrent five-year sentences with a minimum period of confinement of one year for burglary and grand theft by unauthorized control. From the facts presented, we also conclude that the district court acted within its discretion by summarily ruling on Sherman's motion.

The order of the district court denying Sherman's Rule 35 motion is affirmed.

WALTERS, C.J., and SILAK, J., concur.