**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39981**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 331 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 17, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| AIMEE SCARISBRICK, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Order denying I.C.R. 35 motion for correction of illegal sentences, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and MELANSON, Judge

_____

PER CURIAM

Aimee Scarisbrick pled guilty to one count of grand theft, I.C. §§ 18-2403(1) and 18-2407(1)(b), and one count of forgery, I.C. § 18-3601. In exchange for her guilty pleas, additional charges were dismissed. The district court sentenced Scarisbrick to concurrent unified terms of fourteen years, with minimum periods of confinement of one and one-half years. Scarisbrick filed an I.C.R 35 motion for reduction of her sentences, which the district court denied. Approximately two years later, Scarisbrick filed an I.C.R. 35 motion for correction of her sentences. Scarisbrick alleged that her sentences were extended by the Commission of Pardons and Parole when she was denied parole following service of her minimum periods of confinement. The district court denied Scarisbrick's motion and she appeals.

1

On appeal, Scarisbrick asserts that her sentences are illegal. Pursuant to Rule 35, the district court may correct an illegal sentence at any time. In an appeal from the denial of a motion under Rule 35 to correct an illegal sentence, the question of whether the sentence imposed is illegal is a question of law freely reviewable by the appellate court. *State v. Josephson,* 124 Idaho 286, 287, 858 P.2d 825, 826 (Ct. App. 1993); *State v. Rodriguez,* 119 Idaho 895, 897, 811 P.2d 505, 507 (Ct. App. 1991). A sentence is illegal if it is in excess of statutory limits or otherwise contrary to applicable law. *State v. Alsanea,* 138 Idaho 733, 745, 69 P.3d 153, 165 (Ct. App. 2003).

Scarisbrick acknowledges that the Department of Correction, not the sentencing judge, has the authority to determine an inmate's parole eligibility. *See State v. Sherman*, 120 Idaho 464, 466, 816 P.2d 1021, 1023 (Ct. App. 1991). Rule 35 allows the district court to correct an illegal sentence at any time, but the denial of parole does not render a sentence illegal. Scarisbrick's sentences do not exceed the statutory maximum. The district court does not have jurisdiction to consider parole eligibility pursuant to Rule 35 and such motion is not the proper mechanism for addressing the denial of parole. Scarisbrick has not shown that the district court abused its discretion in denying her Rule 35 motion to correct her sentences.

Therefore, the district court's order denying Scarisbrick's Rule 35 motion is affirmed.