**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42847**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 643 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: September 24, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| HENRY MARTYN HALL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of three years, for burglary, <u>affirmed</u>.

John M. Adams, Kootenai County Public Defender; Jay Logsdon, Deputy Appellate Public Defender, Coeur d'Alene, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Henry Martyn Hall appeals from his judgment of conviction and sentence entered upon his plea of guilty to burglary. Specifically, he alleges that the district court erred in failing to consider the conditions of his confinement at sentencing. For the reasons set forth below, we affirm.

Hall pled guilty to burglary. During his presentencing incarceration, Hall was suicidal and harmed himself. As a result, Hall was placed in administrative segregation where he was provided a light gown as clothing, slept on a thin mattress, and was often restrained, all in an effort to prevent him from harming himself. During the sentencing hearing, Hall asserted that the district court should consider his conditions of presentence confinement when imposing the sentence and treat those conditions as a mitigating factor. Hall argued that the facility and staff

1

where he was confined were ill-equipped to deal with his various mental health issues. Hall's argument at sentencing is best summarized by statements made by his counsel at the hearing. Regarding Hall being placed in administrative segregation, his counsel said that, "while I understand that the jail's not doing that because they're trying to be cruel, in fact, they're trying-- what they're trying to do is protect him from himself, it's not the way to do it." Hall's counsel went on to explain that various district courts and legislatures have addressed the issue of how those who have mental illness in the criminal justice system should be treated. Hall's counsel argued that sentencing Hall to a term of confinement, in which he would inevitably again be placed in administrative segregation, would only further damage Hall and set him up for failure when he was released. Accordingly, he requested Hall be placed on a rider, where he might obtain proper treatment for his mental health issues and training to function in society upon release. After considering Hall's argument, the district court sentenced Hall to a unified term of confinement of five years, with a minimum period of confinement of three years. Hall appeals, alleging the district court erred in failing to consider the conditions of his presentencing confinement at sentencing.

Hall argues that the conditions of his presentencing confinement were unconstitutional because they rise to the level of pretrial punishment in violation of the due process and cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Hall cites a number of Idaho cases to support his claim that the conditions of his confinement were unconstitutional, each of which were either post-conviction or habeas corpus cases. *See Mallery v. Lewis*, 106 Idaho 227, 678 P.2d 19 (1983); *Mahaffey v. State*, 87 Idaho 228, 392 P.2d 279 (1964). This is because, as this Court has said, conditions of confinement are properly addressed in post-conviction or habeas corpus proceedings. *State v. Sherman*, 120 Idaho 464, 466, 816 P.2d 1021, 1023 (Ct. App. 1991). Thus, the district court did not err in failing to address Hall's claim regarding the constitutionality of the conditions of his presentencing confinement.

Hall also alleges that the district court erred in failing to consider the conditions of Hall's presentencing confinement as a mitigating factor at sentencing. Idaho Code Section 19-2523(1) requires a sentencing court to consider six factors when sentencing a defendant with a mental illness. Those factors include the extent to which the defendant is mentally ill; the degree of illness or defect and level of functional impairment; the prognosis for improvement or

rehabilitation; the availability of treatment and level of care required; and risk of danger the defendant may create to the public, if at large, or the absence of such risk; and the capacity of the defendant to appreciate the wrongfulness of his or her conduct or to conform his or her conduct to the requirements of law at the time of the offense charged. I.C. § 19-2523(1). The primary consideration is, and presumptively always will be, the good order and protection of society. All other factors are, and must be, subservient to that end. *State v. Hunnel*, 125 Idaho 623, 873 P.2d 877 (1994); *State v. Pederson*, 124 Idaho 179, 857 P.2d 658 (Ct. App. 1993). A sentence need not serve all the sentencing goals or weigh each one equally. *State v. Dushkin*, 124 Idaho 185, 186, 857 P.2d 663, 665 (Ct. App. 1993). There is no requirement that the trial court consider presentencing conditions of confinement.

Acknowledging that Hall suffered from mental illness, the district court explained:

> The Court's mindful of [Hall's] mental illness. Defense counsel is correct when he states that Mr. Hall has true mental illness. . . .
> . . . The Court takes into account those factors contained within Idaho Code Section 19-2523(1) and takes into account . . . the mental illness at this time of sentencing.

The district court considered the factors contained in I.C. § 19-2523(1), which includes the prognosis for improvement or rehabilitation, the availability of treatment and level of care required, and the risk Hall may create to the public. The district court expressed its view that there may be a problem with the criminal justice system's ability to deal with mentally ill individuals, but emphasized that the primary consideration in sentencing is the protection of society. The district court explained:

> The Court notes [Hall's] briefing regarding the state of mental illness as--at this time as a public health problem, in essence.
> The Court notes that there is a great movement afoot by various states to make real changes in caring for the mentally ill, but this Court on this day and in this case is not the forum to resolve the state of treatment for the mentally--mental illness.
> The real change in this matter must come from the legislature or in a different case brought before courts of Idaho, state or federal. Until such time, this Court's duty--is duty-bound to protect society from the criminal actions and proclivities of [Hall].

Even if we were to hold (which we do not) that the district court was required to consider the condition of Hall's presentencing confinement, it does not appear, as Hall alleges, that the

district court failed to do so. Rather, the district court considered the conditions and explained that it was not in a position to cure systemic problems with the treatment of mentally ill inmates. In addition, it appears from the record that the district court did consider Hall's individual situation and ultimately concluded that it was necessary to protect society from "the criminal actions and proclivities" of Hall. Accordingly, the district court found it necessary to sentence Hall to a unified term or confinement of five years, with a minimum period of confinement of three years, notwithstanding Hall's mental illness. Because Hall has not shown that the district court erred in sentencing, Hall's judgment of conviction and sentence are affirmed.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.