859 P.2d 365

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Randall Charles CLAY, Defendant–Appellant.**

**No. 20289.**

Court of Appeals of Idaho.

Sept. 3, 1993.

Robert L. Crowley, Jr., Rigby, for appellant.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

Randall Charles Clay appeals from the judgment of conviction and sentence imposed following his plea of guilty to one count of first degree burglary and one count of petit theft. Due to his mental problems, Clay requested that he be placed on probation and receive mental health treatment rather than be imprisoned. He was sentenced to the Board of Correction for ten years with five years' minimum confinement for the burglary and to a concurrent six-month term for the petit theft. The district court denied Clay's Rule 35

motion for reduction of the sentence, and Clay appeals this ruling as well. We affirm.

Clay was arrested and charged with two counts of first degree burglary and two counts of petit theft for entering the Jefferson Hills Golf Course Club House and stealing food, equipment and beer on consecutive evenings in April 1992. After waiving his preliminary hearing, Clay pled guilty to one count of burglary and one count of petit theft. The remaining counts were dismissed by the prosecuting attorney. At sentencing, after considering the psychological reports on Clay and the recommendations of counsel, the district court sentenced Clay to ten years with five years' minimum confinement for the burglary and to a concurrent six-month term for the petit theft. Clay timely filed a Rule 35 motion for reduction of sentence, requesting probation and mental health treatment. The district court denied the motion following a hearing.

On appeal, Clay sets forth three arguments that the sentence imposed was an abuse of the district court's discretion. Clay argues that the sentence violates his right to be free from the infliction of cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution and Article I, Section 6 of the Idaho Constitution; that the judge erred in failing to provide for intensive mental health treatment for Clay; and that the sentence is unreasonable and excessive upon the facts of the case.

 No constitutional right to rehabilitation exists. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir.1982). On the other hand, imprisonment may result in cruel and unusual punishment if adequate medical facilities are not provided. *Hoptowit, supra.* Incarceration does not place the burden on the state to guarantee to the inmate fulfillment of all needed treatment similar to that available in the private sector. Alcohol treatment, sexual offender treatment and mental health treatment, while legitimate factors for the district court to consider in properly structuring a sentence, are not constitutionally guaranteed to the defendant at the level demanded by him. In this case, a psychologist from State Hospital South concluded that Clay's problems and legal difficulties stem from adult antisocial behavior and characterological deficits rather than from mental illness. Clay failed to convince the district court that placement in a state mental facility was necessary.

 Ordinarily, a sentence will not be regarded as cruel and unusual punishment in violation of Article I, Section 6, of the Idaho Constitution if the sentence is within the limits prescribed by statute, and is not "out of proportion to the gravity of the offense committed, and such as to shock the conscience of reasonable people." *State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992). Clay's unified ten-year sentence with five years' minimum confinement is within the maximum authorized by the statute for first degree burglary.

 The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Kelly*, 106 Idaho 268, 678 P.2d 60 (Ct.App.1984). Prospective difficulties do not necessarily make a particular sentence cruel and unusual. A sentence is not cruel and unusual unless there is a likelihood of a constitutional deprivation. *State v. Stansbury*, 108 Idaho 652, 701 P.2d 272 (1985). Clay has failed to show that the sentence imposed violates his right to be free from cruel and unusual punishment, or that the district court abused its discretion by failing to provide for intensive mental health treatment.

 We turn now to Clay's argument that the sentence was unreasonable and excessive. An appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 582 P.2d 728 (1978). If the sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion *Brown, supra.* A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 645 P.2d 323 (1982). A sentence of confine-

ment is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982).

 In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 769 P.2d 1148 (Ct.App.1989). Thus, we view Clay's actual term of confinement as five years. Clay must establish that, under any reasonable view of the facts, a period of confinement of five years for his conviction for first degree burglary was an abuse of discretion. This court will not substitute its own view for that of the sentencing judge where reasonable minds might differ. *Toohill, supra.*

 On review of a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982). At the time Clay was convicted on this offense, he was thirty-seven years of age. The presentence report indicated approximately ten theft related offenses. He had been sentenced to the Montana State Prison once and to the Idaho State Department of Corrections four times. It was noted that Clay had problems in the substance abuse and mental health areas. He had obtained treatment for both with varying success. The district court was provided with mental health assessments and evaluations for its consideration. The underlying recommendation by the presentence investigator was for a period of incarceration in a state correctional facility rather than a state mental hospital.

It is clear in this case that the court appropriately considered the nature of the offense and the character of the offender in pronouncing sentence. Reviewing the record in this case, we hold that the court

below did not abuse its discretion. The sentence imposed by the court was reasonable.

Finally, Clay appeals from the district court's denial of his Rule 35 motion to reduce or modify his sentence. Clay requested that the district court modify his sentence to provide for mental health treatment and a period of probation. This is what was essentially argued at the time the sentence was imposed. The district court held a hearing, reviewed the arguments presented by counsel and denied the motion.

 Our standard of review of an order denying a motion to reduce a sentence under I.C.R. 35 is well settled. A motion to reduce or modify an otherwise lawful sentence under Rule 35 is addressed to the sound discretion of the sentencing court, *State v. Forde,* 113 Idaho 21, 740 P.2d 63 (Ct.App.1987), and essentially is a plea for leniency which may be granted if the sentence originally imposed was unduly severe. *State v. Lopez,* 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). The denial of a motion for reduction of a sentence will not be disturbed absent a showing that the court abused its discretion. The criteria for examining rulings denying the requested leniency are the same as those applied in determining whether the original sentence was reasonable. *Id.,* at 450, 680 P.2d at 872. In other words, we examine the probable duration of confinement in light of the nature of the crime, the character of the offender and the objectives of sentencing, which are the protection of society, deterrence, rehabilitation and retribution. *Id.* If the sentence was not excessive when pronounced, the defendant must later show that it is excessive in view of new or additional information presented with his motion for reduction. *State v. Hernandez,* 121 Idaho 114, 822 P.2d 1011 (Ct.App.1991). If he fails to make this showing, we cannot say that the denial of the motion represents an abuse of discretion. *Id.,* 121 Idaho at 117, 822 P.2d at 1014.

 The court is under no obligation to amend or modify a sentence that has

**334**

been legally imposed. *State v. Vega,* 113 Idaho 756, 747 P.2d 778 (Ct.App.1987). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *State v. Hedger,* 115 Idaho 598, 768 P.2d 1331 (1989), *citing Associates Northwest v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987).

At the hearing on Clay's motion, his counsel argued that Clay's sentence should be modified so that Clay could be released on probation with intensive mental health treatment. The judge reviewed the record and file in this matter. He discussed with counsel Clay's past failure to complete probationary terms. The court concluded that, based on Clay's prior record and previous attempts at probation, incarceration remained the proper sanction. The court had access to and considered all mental health evaluations presented on Clay. The court found that the sentence imposed was reasonable and not unduly harsh under the circumstances.

We have considered the record in light of the principles applicable to a review of the denial of a motion to reduce a sentence. We are not persuaded that the court below abused its discretion in this case.

Accordingly, the conviction and sentence are affirmed. The order denying the motion to reduce the sentence is also affirmed.

WALTERS, C.J., and LANSING, J., concur.