901 P.2d 1340

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Thomas Jefferson COFFELT,
Defendant–Appellant.**

No. 21781.

Court of Appeals of Idaho.

Sept. 5, 1995.

G. Lamarr Kofoed, Fruitland, for appellant.

Alan G. Lance, Attorney General; Michael A. Henderson, Deputy Attorney General, Boise, for respondent.

WALTERS, Chief Judge.

Thomas Jefferson Coffelt appeals from a judgment of conviction and sentence for lewd conduct with a minor under sixteen. I.C. § 18–1508. On appeal, Coffelt asserts that the sentence imposed by the district court (1) constitutes cruel and unusual punishment; (2) is unreasonable under the provisions of *State v. Toohill,* 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), and *State v. Reinke,* 103 Idaho 771, 653 P.2d 1183 (Ct.App.1982); and (3) is unreasonable under a modified standard of review.

### FACTS AND PROCEDURAL BACKGROUND

Thomas Coffelt was indicted by a grand jury for lewd conduct with his six-year old daughter, I.C. § 18–1508. Coffelt's daughter

told investigators of the Idaho Department of Health & Welfare of how her father had held her down, taped her mouth shut so no one could hear her screams, and raped her. She alleged that Coffelt raped her on four or five separate occasions during the summer of 1988.

At the arraignment, Coffelt pled not guilty to the charge, and a public defender was assigned to the case. Pursuant to plea negotiations, Coffelt changed his initial plea and entered an Alford plea,[1] and the State agreed to recommend that the sentence be served concurrently with Coffelt's two prior suspended sentences for lewd conduct with a minor for which he was on probation.[2] The court accepted the plea and ordered an updated presentence investigation report (PSI).

At the sentencing hearing, Coffelt moved to withdraw the Alford plea. The district court denied the motion. The court then sentenced Coffelt to a unified life sentence with twenty years as a minimum period of confinement. The court further ordered the sentence to run concurrently with both sentences imposed prior to this conviction for lewd conduct.

Coffelt filed a motion for reduction of the sentence under I.C.R. 35, requesting a hearing and a progress report. The district court denied the motion noting that this conviction constituted Coffelt's third offense for sexually abusing minors. Coffelt then filed an application for post-conviction relief asserting ineffective assistance of counsel because his attorney failed to file an appeal. The court granted the application and entered an amended judgment allowing Coffelt to appeal the sentence. This appeal followed.

## DISCUSSION

### A. CRUEL AND UNUSUAL PUNISHMENT

We first address Coffelt's claim that the district court's imposition of a life sentence,

with twenty-years' fixed, for lewd conduct with a minor, constitutes cruel and unusual punishment under the U.S. and Idaho Constitutions. Coffelt argues that the harshness of the sentence imposed must be scrutinized because of his mental health deficiencies, his lack of understanding, and his need and desire for therapy and treatment. He further asserts that the fixed portion of this sentence is one of the harshest ever imposed for this type of crime. We disagree.

▮ Our Supreme Court has analyzed the standard by which we are to determine whether a sentence constitutes cruel and unusual punishment under the federal constitution. In *State v. Brown*, 121 Idaho 385, 393–94, 825 P.2d 482, 490–91 (1992), the Supreme Court recognized the proportionality test under the Eighth Amendment, as dictated by *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), and modified by *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). The Court held that before assessing the proportionality of a sentence under the Eighth Amendment, the reviewing court must first "make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality." *State v. Matteson*, 123 Idaho 622, 626, 851 P.2d 336, 340 (1993), *citing Brown*, 121 Idaho at 394, 825 P.2d at 491. "[I]ntra- and interjurisdictional analyses are appropriate only in the rare case in which a threshold comparison of the crime committed and the sentence imposed leads to any inference of gross disproportionality." *Matteson*, 123 Idaho at 626, 851 P.2d at 340, *citing Harmelin*, 501 U.S. at 992, 111 S.Ct. at 2700, 115 L.Ed.2d at 871. The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Kelly*, 106 Idaho 268, 279, 678 P.2d 60, 71 (Ct.App.1984); *State v. Clay*, 124 Idaho 329, 332, 859 P.2d 365, 368 (Ct.App.1993).

---

1. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

2. At the time Coffelt pled guilty to the instant charge, he was awaiting disposition on probation violations in the other cases. Probation in those cases ultimately was revoked.

Prospective difficulties do not necessarily make a particular sentence cruel and unusual. *Id.*

■■■ We first consider the sentence imposed. A trial court, when sentencing a person convicted of a felony under the Unified Sentencing Act, must specify a minimum period of confinement—the fixed portion of the sentence—which may be followed by an indeterminate period. I.C. § 19–2513; *State v. Broadhead,* 120 Idaho 141, 146, 814 P.2d 401, 406 (1991), *overruled on other grounds by State v. Brown,* 121 Idaho at 394, 825 P.2d at 491. Coffelt received an indeterminate life sentence with the first twenty years as a minimum period of confinement. We treat the fixed portion of a sentence as the term of confinement for purposes of appellate review. *State v. Kysar,* 116 Idaho 992, 999, 783 P.2d 859, 866 (1989).

■■■ We do not find, after reviewing all the facts and circumstances of this case that Coffelt's sentence leads to an inference of gross disproportionality. Early in 1990, Coffelt was convicted of two counts of lewd conduct with a minor under sixteen; each victim was supposedly under his care at the time of the offenses. He received two concurrent sentences, each a unified life term with eighteen years' fixed. The court retained jurisdiction, and Coffelt was sent to the North Idaho Correctional Institution (NICI) for evaluation. The jurisdictional review committee at NICI recommended to the sentencing court to relinquish jurisdiction. However, the court placed Coffelt on probation and assigned him to intensive supervision. It was during this probationary period that Coffelt was charged with, and pled guilty to, the offense against his daughter which had occurred in 1988.

The record shows that Coffelt held his six-year old daughter down and taped her mouth closed so no one could hear her screaming as he raped her on several separate occasions. The PSI reveals that the case worker who interviewed Coffelt's daughter, estimated that Coffelt had sexual contact with his daughter "more than twenty times." The victim reported at least four or five separate incidents. Coffelt also apparently threatened to shoot his daughter if she told anyone of the abuse. The PSI further states that Coffelt exhibited no remorse for his actions, and constantly blamed his child for the events which occurred. He considers himself, not his daughter, to be the victim in this case.

Coffelt's response to his actions in this case are consistent with reactions he exhibited in response to his two prior convictions, discussed above. In each of those cases, Coffelt also blamed his victims for initiating the abuse. According to the PSI, Coffelt admitted to molesting a total of between forty and forty-five victims. The PSI also states that Coffelt threatened several of his victims with physical violence in order to conduct the abuse and to silence them.

Given the repetitive brutality imposed upon the victim of such a tender age, the serious nature of the offense itself, and Coffelt's repeated destructive conduct, we conclude that this is not one of those "rare" cases in which the crime committed and the sentence imposed leads to an inference of gross disproportionality.

■■■ We next address whether Coffelt's twenty-year minimum term of confinement is cruel and unusual punishment under our state constitution. In *Brown,* our Supreme Court specifically stated that "the proportionality analysis is limited to death penalty cases and, under the Idaho Constitution as contemplated in *State v. Evans,* to cases which are 'out of proportion to the gravity of the offense committed.' " *Matteson,* 123 Idaho at 626–27, 851 P.2d at 340–41, *citing Brown,* 121 Idaho at 394, 825 P.2d at 491; *see also State v. Evans,* 73 Idaho 50, 58, 245 P.2d 788, 792 (1952). In *Evans,* our Supreme Court also held that a sentence is cruel and unusual punishment under our state constitution only when it is "out of proportion to the gravity of the offense committed, and such as to shock the conscience of reasonable [people]. . . ." 73 Idaho at 58, 245 P.2d at 792; *see also Broadhead,* 120

Idaho at 148, 814 P.2d at 408; *Clay*, 124 Idaho at 332, 859 P.2d at 368. We conclude in the instant case that Coffelt's unified life sentence, with twenty-years' fixed, is not out of all proportion to the gravity of the offense committed, nor is the sentence so severe as to shock the conscience of reasonable people.

## B. EXCESSIVENESS OF SENTENCE

Coffelt argues that the sentence imposed was unreasonable pursuant to *State v. Toohill, supra,* and *State v. Reinke, supra,* because it is excessive. Coffelt further claims that it is impossible to know how incarceration will affect him since he has never been "properly trained, controlled, or properly disciplined" up to this point in his life. He requests probation with intensive supervision rather than the sentence imposed.

When a sentence is challenged on appeal, we review the sentence to determine whether it is unreasonable and therefore constitutes an abuse of the trial court's discretion. *State v. Wolfe,* 99 Idaho 382, 384, 582 P.2d 728, 730 (1978); *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct.App. 1982). The objectives of sentencing against which the reasonableness of a sentence is measured are the protection of society, the deterrence of crime, the rehabilitation of the offender, and punishment or retribution. *Id.*

In examining the reasonableness of a sentence, we conduct an independent review of the record, focusing on the nature of the offense and the character of the offender. *State v. Young,* 119 Idaho 510, 511, 808 P.2d 429, 430 (Ct.App.1991). We will find that the trial court abused its discretion only if the defendant shows that, in light of the objectives of sentencing, his sentence was excessive under any reasonable view of the facts. *State v. Charboneau,* 124 Idaho 497, 500, 861 P.2d 67, 70 (1993); *Brown,* 121 Idaho at 393, 825 P.2d at 490. Given our review of the record as to the nature of the offense and the character of the offender, as stated above, and taking into consideration the objectives of sentencing, we conclude that

Coffelt's sentence was not excessive nor was it an abuse of the district court's discretion.

Finally, Coffelt asserts that the sentence imposed is unreasonable under a "modified standard of review." However, he does not define for this Court what that standard of review should be. We agree with the State that Coffelt's claim is vague and lacking in argument, authority and support by the record on appeal. Therefore we will not consider it. *See City of Lava Hot Springs v. Campbell,* 125 Idaho 768, 770, 874 P.2d 579, 581 (Ct.App.1994).

## CONCLUSION

The judgment of conviction for lewd conduct with a minor under sixteen and the unified life sentence, with twenty years of fixed confinement, imposed by the district court are affirmed.

LANSING and PERRY, JJ., concur.