# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 40067

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2013 Unpublished Opinion No. 473 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 1, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KENNETH WAYNE LAMB, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of fifteen years, for lewd conduct with a minor under the age of sixteen, <u>affirmed</u>.

Paul E. Riggins, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Judge

Kenneth Wayne Lamb appeals from his judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of fifteen years, for lewd conduct with a minor under the age of sixteen. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In 2011, Lamb took his thirteen-year-old step-daughter to the hospital emergency room after she complained of nausea and vomiting. The attending physician discovered that Lamb's step-daughter was eight weeks pregnant. Lamb admitted that he engaged in sexual intercourse with his step-daughter between three times per week to daily over the previous several months. Lamb was arrested and charged with one count of lewd conduct with a minor under the age of sixteen. I.C. § 18-1508. Pursuant to a plea agreement, Lamb pled guilty to the lewd conduct

1

charge.[1]   The district court sentenced Lamb to a unified term of twenty-five years, with a minimum period of confinement of fifteen years.  Lamb appeals.

## II.

## ANALYSIS

Lamb argues that the district court imposed an excessive sentence.  Specifically, Lamb asserts that a more lenient sentence would have been appropriate given his lack of a prior record, acceptance of responsibility, substance abuse, childhood history, mental health issues, and the plea recommendation of the prosecuting attorney.

An appellate review of a sentence is based on an abuse of discretion standard.  *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000).  Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus a clear abuse of discretion. *State v. Brown,* 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case.  *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982).  A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case."  *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender and the protection of the public interest.  *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1884 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Having thoroughly reviewed the record in this case, we cannot say that the district court imposed an excessive sentence.

---

[1]   Pursuant to the plea agreement, Lamb also pled guilty to conspiracy to escape.  I.C. § 18-2505.  The state charged Lamb with conspiracy to escape because, while Lamb was detained, Lamb was confronted by officers and admitted that he and two other suspects planned to use a shower head to bludgeon a deputy, steal his keys and radio, and escape from jail.  The district court sentenced Lamb to a unified term of five years for conspiracy to escape, to run consecutive to Lamb's sentence for lewd conduct.  Lamb does not challenge this judgment of conviction and sentence on appeal.

Lamb also argues that the sentence imposed constitutes cruel and unusual punishment prohibited by the United States Constitution and the Idaho Constitution. To address this constitutional challenge, we must first make a threshold comparison of the crime committed and the sentence imposed to determine whether the sentence leads to an inference of gross disproportionality. *State v. Matteson*, 123 Idaho 622, 626, 851 P.2d 336, 340 (1993); *State v. Brown*, 121 Idaho 385, 394, 825 P.2d 482, 491 (1992); *State v. Olivera*, 131 Idaho 628, 632, 962 P.2d 399, 403 (Ct. App. 1998). This gross disproportionality test is equivalent to the standard under the Idaho Constitution which focuses upon whether the punishment is out of proportion to the gravity of the offense committed and such as to shock the conscience of reasonable people. *Brown*, 121 Idaho at 394, 825 P.2d at 491. If an inference of such disproportionality is found, we must conduct a proportionality analysis comparing the sentence to those imposed on other defendants for similar offenses. *Matteson*, 123 Idaho at 626, 851 P.2d at 340; *Olivera*, 131 Idaho at 632, 962 P.2d at 403. The burden of demonstrating that a sentence is cruel and unusual is on the person asserting the constitutional violation. *State v. Clay*, 124 Idaho 329, 332, 859 P.2d 365, 368 (Ct. App. 1993). Applying these standards, and having reviewed the record in this case, we cannot say that Lamb's sentence constitutes cruel and unusual punishment.

Lamb finally argues that the district court abused its discretion by not sua sponte ordering a psychological evaluation pursuant to I.C. § 19-2522. Lamb's counsel did not request a psychological evaluation or object to the absence of such an evaluation in the pre-sentence investigation report. Indeed, at the change of plea hearing where Lamb pled guilty to lewd conduct with a minor under sixteen, the following exchange took place between the district court and Lamb's counsel:

> COURT: I am ordering at this time a presentence investigation report, as well as a psychosexual evaluation. [Counsel], any other evaluations that you think would be appropriate?
> COUNSEL: Your Honor, I think a mental health evaluation would be covered by the psychosexual evaluation. My client's indicated he's had problems with substances in the past. I would ask the court to order a 19-2524 substance evaluation as well.

Given this exchange, the state argues that the doctrine of invited error precludes Lamb from asserting that the district court erred by not sua sponte ordering a psychological evaluation pursuant to I.C. § 19-2522. The doctrine of invited error applies to estop a party from asserting

3

an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). One may not complain of errors one has consented to or acquiesced in. *State v. Caudill*, 109 Idaho 222, 226, 706 P.2d 456, 460 (1985); *State v. Lee*, 131 Idaho 600, 605, 961 P.2d 1203, 1208 (Ct. App. 1998). In short, invited errors are not reversible. *State v. Gittins*, 129 Idaho 54, 58, 921 P.2d 754, 758 (Ct. App. 1996). This doctrine applies to sentencing decisions as well as rulings made during trial. *State v. Griffith*, 110 Idaho 613, 614, 716 P.2d 1385, 1386 (Ct. App. 1986). Therefore, because Lamb's counsel indicated that a psychological evaluation was unnecessary when asked by the district court if any evaluations would be appropriate, Lamb may not complain that the district court abused its discretion by not sua sponte ordering such an evaluation.[2]

## III.
## CONCLUSION

Having thoroughly reviewed the record in this case, Lamb has not shown the district court abused its discretion in sentencing. The doctrine of invited error precludes Lamb from asserting that the district court erred by failing to sua sponte order a psychological evaluation pursuant to I.C. § 19-2522. Therefore, Lamb's judgment of conviction and unified sentence of twenty-five years, with a minimum period of confinement of fifteen years, are affirmed.

Chief Judge GUTIERREZ and Judge LANSING, **CONCUR.**

---

[2]     While Lamb asserts in his reply brief that the doctrine of invited error does not apply in this case because, by failing to request a mental health evaluation, Lamb's counsel heedlessly disregarded Lamb's legitimate interests and ineffectively assisted Lamb at the sentencing phase, a claim of ineffective assistance of counsel is an issue rarely appropriate on direct appeal; rather, it is usually reserved for post-conviction relief proceedings, where a more complete evidentiary record can be developed. *See State v. Koch*, 116 Idaho 571, 573, 777 P.2d 1244, 1246 (Ct. App. 1989). The record on this direct appeal is not adequate to conduct a meaningful appellate review of this issue.