**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40515**

| | | |
|---|---|---|
| THOMAS JEFFERSON COFFELT, | ) | 2014 Unpublished Opinion No. 663 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 13, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Thomas Jefferson Coffelt, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Thomas Jefferson Coffelt appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

Coffelt entered an *Alford*[1] plea to lewd conduct with a minor child under sixteen for incidents that occurred in 1988. Coffelt was sentenced to a unified term of life, with twenty years determinate, to run concurrently with two additional indeterminate life sentences that were previously imposed for other convictions. In 1992, Coffelt filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied.

_____

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Coffelt filed a timely petition for post-conviction relief, asserting his counsel was ineffective for failing to file a direct appeal upon Coffelt's request. The district court granted the petition and entered an amended judgment allowing Coffelt to appeal from his sentence. Coffelt did so, contending the sentence was excessive given the existence of mitigating factors and amounted to cruel and unusual punishment. This Court affirmed the sentence on appeal. *State v. Coffelt*, 127 Idaho 439, 443, 901 P.2d 1340, 1344 (Ct. App. 1995).

In 2012, Coffelt filed a successive petition for post-conviction relief, challenging his fixed twenty-year sentence on several grounds: (1) the district court erred by denying his 1992 Rule 35 motion for reduction of sentence without a hearing; (2) the district court erred by failing to appoint counsel in regard to his 1992 Rule 35 motion; and (3) he suffered "manifest injustice." The State moved for summary dismissal. After a hearing, the district court granted the motion, determining that Coffelt's claims were untimely and/or unsupported by admissible evidence warranting an evidentiary hearing. The district court also noted that, to the extent Coffelt was intending to challenge the length of his sentence, such a challenge could and should be brought on direct appeal.

Coffelt timely appealed, and upon his request, the district court appointed him counsel. However, the Idaho Supreme Court later granted counsel's motion for leave to withdraw, and Coffelt now proceeds pro se.

## II.

## ANALYSIS

Coffelt raises numerous issues on appeal, but we limit our discussion to the issue properly raised and addressed below: whether the district court erred by granting the State's motion for summary dismissal regarding the three claims presented in Coffelt's post-conviction petition. *See Small v. State*, 132 Idaho 327, 331, 971 P.2d 1151, 1155 (Ct. App. 1998) ("Generally, issues not raised below may not be considered for the first time on appeal."). A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. Idaho Code § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271,

61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do

3

not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

In regard to Coffelt's claims that he was denied a hearing and counsel for his 1992 Rule 35 motion, the district court granted summary dismissal on several alternate grounds, one being that the claims could have been raised on direct appeal and therefore were not an appropriate basis for post-conviction relief. The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). Coffelt's claims regarding his 1992 Rule 35 motion could have been raised on direct appeal. By not raising these issues then, Coffelt has forfeited his opportunity to pursue them. The district court did not err in granting summary dismissal of these claims.

The exact nature of Coffelt's "[m]anifest injustice" claim is not clear from his post-conviction petition. However, according to Coffelt's appointed counsel at the hearing on the State's motion for summary dismissal, this claim also pertained to his asserted lack of a

hearing and appointed counsel for his 1992 Rule 35 motion. The district court granted the State's motion for summary dismissal on this claim upon determining that it was bare and conclusory, and Coffelt presented no evidence upon which the court could find manifest injustice occurred in the Rule 35 proceedings. We need not address this determination as we can more expediently say that this claim is also waived because it pertains to the 1992 Rule 35 proceedings and, therefore, Coffelt could and should have raised it on direct appeal. Accordingly, the district court did not err by granting the State's motion for summary dismissal in regard to this claim as well.

## III.

## CONCLUSION

The claims raised in Coffelt's post-conviction petition could have been raised on direct appeal and are therefore waived. The district court did not err by granting the State's motion for summary dismissal of the petition. The judgment summarily dismissing Coffelt's successive petition for post-conviction relief is affirmed.

Judge GRATTON and Judge MELANSON **CONCUR.**